IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RYAN DATA EXCHANGE, LTD; and RYDEX TECHNOLOGIES LLC d/b/a RYDEX,<br><br>      Plaintiffs,<br><br>vs.<br><br>GRACO INC.,<br><br>      Defendant.<br><hr>GRACO INC.,<br><br>      Counterclaimant and Third-Party Plaintiff,<br><br>vs.<br><br>RYAN DATA EXCHANGE, LTD, and RYDEX TECHNOLOGIES LLC d/b/a RYDEX,<br><br>      Counterclaim Defendants,<br><br>and<br><br>MICHAEL C. RYAN, and RYDEX LTD.,<br><br>      Third-Party Defendants. | **No. 4:14-cv-00198 – JEG**<br><br>**O R D E R** |

      This matter comes before the Court on Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(b), and Alternative Motion to Alter or Amend Judgment under Rule 59(e), or for Relief from Judgment under Rule 60(b), or for New Trial under Rule 59(a)(1), ECF No. 125, by Graco Inc. (Graco).  Graco seeks to set aside the jury's damages award of $313,000 for Ryan Data Exchange, Ltd. and Rydex Technologies.  Ryan Data Exchange, Ltd., Rydex Technologies, Michael C. Ryan, and Rydex Ltd. (collectively, Rydex) resist.  Neither party requested a hearing on the Motion, and the Court finds a hearing is unnecessary.  The Motion is fully submitted and ready for disposition.

## I.      BACKGROUND[1]

On September 13, 2005, Rydex and Graco entered into a settlement and license agreement in which Rydex granted Graco a patent license (the Agreement).  Three provisions of the Agreement are at issue.  First, in § 3.0 of the Agreement, Rydex grants Graco an exclusive license to make, have made, use, and sell fluid delivery control nozzles covered by U.S. Patent 5,913,180 (the 180 Patent).  Second, § 11 of the Agreement provides that if a third party were to infringe the '180 Patent, Rydex would have the initial choice and obligation to prosecute the infringement.  Third, § 4.1 of the Agreement provides that Graco would pay Rydex, as a royalty, 5% of the net selling price of its Matrix meters and transceivers.

On August 3, 2011, Rydex initiated a lawsuit alleging patent infringement against Badger Meter, Inc., Balcrank Corp., and Lincoln Industrial Corp. (collectively, Badger).  On August 15, 2012, Rydex and Badger filed a stipulation of dismissal.  Rydex and Badger agreed that Rydex's claims against Badger and Badger's counterclaims would be dismissed with prejudice.

On April 7, 2014, and again on April 25, 2014, Graco informed Rydex that it believed Rydex had breached the Agreement's exclusivity and the patent infringement prosecution provisions.  Graco also stated that because of the alleged breaches Graco was no longer obligated to pay royalties to Rydex.  Graco ceased paying royalties to Rydex as of December 31, 2013.

On May 15, 2014, Rydex filed a Complaint and Jury Demand in this Court, alleging breach of the Agreement and infringement of the '180 Patent by Graco.  On June 17, 2014, Graco answered and filed counterclaims and third-party claims against Michael C. Ryan and Rydex Ltd., alleging breach of the Agreement and seeking declaratory judgments that the '180

---

[1] Facts underlying this case have been summarized in detail in the Court's prior orders on summary judgment, ECF Nos. 55 and 70. The facts summarized here are those most pertinent to the instant Motion and further reflect evidence presented at trial.

Patent was invalid and that Rydex had lost its right to receive royalty payments under the Agreement due to its alleged breaches.

A jury trial was held from November 14, 2016, through November 17, 2016, on all of the claims then pending.  During the trial, Graco moved under Rule 50(a) for judgment as a matter of law that, among other things, Rydex had breached its duty under the Agreement to prosecute the Badger litigation, and that Rydex had breached the exclusivity provision of the Agreement. The Court found as a matter of law that Rydex had breached the duty to prosecute infringement as of the date of the dismissal of the Badger litigation on August 15, 2012, and that Rydex was in breach of the exclusivity provision of the Agreement from the date of the dismissal of the Badger litigation until the expiration of the '180 Patent on March 10, 2015.  Accordingly, the Court granted Graco's Rule 50 motion to that extent.

As frequently noted throughout these proceedings, the parties' conduct during their contractual relationship was unusual, if not unique, to persons involved in licensing of intellectual property.  Despite these special facts, the lawyers and the Court were nonetheless required to present the issues to the jury in a reasonably cogent manner.

Prior to trial, Graco proposed a jury instruction that provided, in relevant part, as follows:

**Conditions precedent - Definition.**

In order for the Rydex Parties to recover in an action for royalties, there must be no uncured material failure by the Rydex Parties to render any promised performance due under the Agreement at an earlier time. A material breach by the Rydex Parties of a provision of the Agreement on which the agreement to pay a guaranteed royalty is dependent precludes the Rydex parties' recovery of such royalty.

If the Rydex Parties materially breached the Agreement, Graco has a defense to the Rydex Parties' breach claim for failure to pay royalties as well as to the contention that Graco repudiated the Agreement by refusing to pay.

ECF No. 76, at 8 (citing this Court's December 2015 Order on Motion for Summary Judgment, ECF No. 55, at 24-25) (other citations omitted).  Graco's proposed instruction was not given to the jury.  See Final Jury Instructions, ECF No. 116.  Graco did not object to the final jury instructions on this or any other pertinent grounds.[2]

At trial, after all the evidence was presented, the Court provided the jury with instructions.  One such instruction, requested by both parties, was "Instruction No. 7 Elements Of Breach Of Contract," based on Iowa Model Jury Instruction No. 2400.1.  (ECF No. 116) Instruction No. 7 provided, in part, that "[t]he party alleging breach of a contract must prove all of the following elements: . . . 4. The party alleging breach has done what the contract requires. . . If a party has failed to prove these propositions, that party is not entitled to damages. . . ." (ECF No. 116, pp. 9).  Instruction No. 7 also instructed the jury regarding the Court's prior grant of judgment as a matter of law in favor of Graco, stating that the Court had found as a matter of law that Rydex had breached its duty under the Agreement to prosecute infringement and the Agreement's exclusivity provision as of August 15, 2012.[3]

---

[2] After providing counsel with the Court's Final Jury Instructions, the Court convened out of the presence of the jury to make any necessary record on those instructions.  Trial Tr. 496-98. ECF No. 132.  Graco made a very limited record:

> . . . [O]nly the request that Graco has is that the first full sentence on the last paragraph on instruction No. 7, which reads as follows, quote, regarding Graco's breach of contract claim, the Court has found as a matter of law that the Rydex parties were not required to commence an infringement action prior to the filing of the Badger litigation, period, end quote, be removed and instruction No. 10 be kept, which is the exclusive license, and the only way for them to fulfill that is if they would have teed up the lawsuit earlier.

Id. at 497-98.

[3] The jury was also instructed in regard to interpretation of a contract that it may consider "the intent of the parties along with a reasonable application of the surrounding circumstances"; that intent "may be shown by the practical construction of a contract by the parties and the surrounding circumstances"; and, that the meaning of the agreement "is the interpretation a reasonable person would give it if they were acquainted with the circumstances both before and at the time the contract was made." Instruction No. 8, ECF No. 116 at 11.

4

The jury also received a verdict form.  The first question of the verdict form was: "Did the Rydex Parties prove that Graco breached the License Agreement by failing to pay royalties to the Rydex Parties from the period ending December 31, 2013, through the date of the expiration of the '180 patent on March 10, 2015?"  ECF No. 114.  The jury answered in the affirmative, and awarded Rydex $313,000 in damages.  Id.  Graco renews its motions for judgment as a matter of law under Rule 50(b) in the present motion. Graco requests under Rule 50(b) that this Court grant judgment as a matter of law in Graco's favor and rule that the Rydex Parties are not entitled to recover any damages.

## II.     DISCUSSION

### A.  Motion for Judgment as a Matter of Law

Rule 50(b) of the Federal Rules of Civil Procedure provides that "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion."  Fed. R. Civ. P. 50(b).

"Under Rule 50, a court may grant a motion for judgment as a matter of law against a party if 'the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'"  Bamford, Inc. v. Regent Ins. Co., 822 F.3d 403, 410 (8th Cir. 2016) (quoting Fed. R. Civ. P. 50(a)).  "To make this determination, the court reviews all record evidence, and views it in the light most favorable to the prevailing party."  Id. (citing Townsend v. Bayer Corp., 774 F.3d 446, 456 (8th Cir. 2014)).  "The court draws all reasonable inferences in favor of the prevailing party, without making credibility determinations or weighing the evidence."  Id. (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  "Great deference is given to the jury's verdict, and judgment as a matter of law should be granted 'only when all of the evidence points one way and is susceptible of no

reasonable inference sustaining the position of the nonmoving party.'" Id. (quoting Howard v.

Mo. Bone & Joint Ctr., Inc., 615 F.3d 991, 995 (8th Cir. 2010)).

### 1. Materiality of Rydex's Breach of the Agreement

As the Court has acknowledged in its prior orders in this case, it is generally true that "[a]

material breach by the licensor of a provision of the agreement on which the agreement to pay a

guaranteed royalty is dependent precludes the licensor's recovery of such royalty."  ECF No. 55

at 24-25 (citing  69 C.J.S. Patents, § 504 (2011))."  Such a defense to a licensor's recovery

"reflects the general rule of contracts that a defendant has an affirmative defense to a breach of

contract claim when a party's performance was conditioned on the reciprocal performance of the

other party."  Id. at 24-25 (citing Van Oort Constr. Co. v. Nuckoll's Concrete Serv., Inc., 599

N.W.2d 684, 691-92 (Iowa 1999)).  As the Iowa Supreme Court has said, "it is a condition of

each party's remaining duties to render performances to be exchanged under an exchange of

promises that there be no uncured material failure by the other party to render any such

performance due at an earlier time."  Van Oort, 599 N.W.2d at 692 (quoting Restatement

(Second) of Contracts § 237 (Am. Law. Inst. 1981)).

During trial the Court found as a matter of law that Rydex had breached the Agreement

as of August 15, 2012.  On that basis, Graco concludes that Rydex was therefore precluded from

recovering any damages for Graco's subsequent breach of the Agreement.

Graco is mistaken as to the effect of the Court's judgment as a matter of law, because

while the Court determined as a matter of law that Rydex had breached the Agreement, the Court

did not make any determination as to materiality.[4]  "The determination whether a material breach

---

[4] Graco insists that the Court determined the issue of materiality in determining the issue of
breach.  It is not apparent why this should be so, since the Court did not explicitly determine
materiality.  It is fundamental that not all breaches are material.  See, e.g., 17A Am. Jur. 2d
Contracts § 706 ("[I]f the breach is not material, the damages may be recovered, but are limited

has occurred is generally a question of fact."  23 Richard A. Lord, Williston on Contracts § 63:3 (4th ed. 2000).  Since only a prior *material* breach generally precludes a party's recovery for a subsequent breach, Graco's argument succeeds only if no reasonable jury would have a legally sufficient evidentiary basis to find Rydex's breach was immaterial.

It is ironic that Graco's requested instruction on conditions precedent, which was not given to this jury, would have directly raised the concept of materiality of a breach—and on this record it would have been adverse to Graco's current argument.  The jury was not expressly instructed on materiality or provided a definition of materiality, other than what could be inferred from Instruction No. 8 regarding interpretation.  Yet as more fully discussed *infra*, the jury was given substantial evidence that the parties all were aware the license did not provide Graco exclusive use of the '180 Patent on the date it was entered, insofar as Badger was known by both parties to be infringing the '180 Patent, and that the lack of exclusivity continued unchallenged for most of the Agreement's duration.  The jury was also given uncontroverted evidence that Graco made no attempt to halt Badger's infringement of the '180 Patent, including the period from 2005 until 2011 when Rydex had not yet filed suit against Badger.  With that knowledge and the Court's instruction that Rydex was in breach from August 15, 2012 to March 10, 2015, the jury found Graco suffered no damages by Rydex's conduct; and, the jury found Graco did not prove a breach for Rydex's failing to provide an exclusive license from the date they entered the Agreement until the dismissal of the Badger litigation.  ECF No. 114 at 2.  On this record, it is axiomatic that the jury concluded Graco was in no practical, essentially material,

---

to those recoverable for a partial breach.  A partial breach of a contract by one party does not justify the other party's subsequent failure to perform, as both parties may be guilty of breaches, each having a right to damages.")

way denied something they never had—exclusive use of the '180 Patent.  Thus, the Court

proceeds to determine if the verdict is legally infirm.

As the Iowa Supreme Court held in Van Oort,

> To determine the materiality of a breach, the Restatement (Second) of Contracts
> looks to the injured party and asks to what extent that party will be
> deprived of the benefit it reasonably expected, account being taken
> of the possibility of adequate compensation for that part.  It also
> looks to the other party-to the possibility that it will suffer forfeiture,
> to the likelihood that it will cure its failure, and to the degree that its
> behavior comported with standards of good faith and fair dealing.
> Most significant is the extent to which the breach will deprive the
> injured party of the benefit that it justifiably expected.

599 N.W.2d 684 at 692 (quoting II E. Allan Farnsworth, Farnsworth on Contracts § 8.16, at

496-97 (2d ed. 1998))  As Van Oort instructs, the most significant factor in determining

materiality is the extent to which the injured party will be deprived of the benefit it justifiably

expected.  At trial, the jury was presented with substantial evidence that both Rydex and Graco

were aware Badger was infringing the '180 Patent when the Agreement was signed, and that

Graco apparently made no attempt to halt Badger's infringement of the '180 Patent before Rydex

filed suit against Badger.  Indeed, before granting Graco's motion for judgment as a matter of

law as to Rydex's breach, the Court noted the "very unusual underlying facts" that the

Agreement "called for an exclusive right at a time when everyone apparently understood on this

record that there was . . . infringing already going on."  Trial Tr. 413:17-24, ECF No. 132.

Viewed in the light most favorable to Rydex and with all reasonable inferences drawn in

Rydex's favor, the record contains legally sufficient evidence for a reasonable jury to conclude

Rydex's breach did not deprive Graco of a benefit it justifiably expected, and was thus not

material.  For that reason, the jury's damages award is not inconsistent with Iowa law, and the verdict will be given its due deference.[5]

## 2.  Graco's Continued Use of the '180 Patent After Rydex's Breach

Additional record evidence of the conduct of the parties after the technical breach of the terms of the Agreement also supports the verdict.  The jury had ample evidence upon which to render a legally sound damages award for Rydex based on Graco's continued exploitation of its license of the '180 Patent after Rydex's breach.

At trial, the jury was shown uncontroverted evidence that Graco continued to manufacture and sell its Matrix products under the Agreement, and even continued to submit quarterly sales reports to Rydex pursuant to the Agreement, but refused to pay royalties to Rydex.  Graco did not argue, and does not argue now, that the Agreement had been avoided or terminated, but rather argued that the Agreement no longer obligated Graco to pay royalties because certain of its provisions had been breached.

As the Court has said in a prior order in this case, ECF No. 55, when a party breaches a contract, the nonbreaching party has a choice of "two inconsistent rights–it can either elect to allege a total breach, terminate the contract and bring an action or, instead, elect to keep the contract in force, declare the default only a partial breach, and recover those damages caused by that partial breach."  13 Richard A. Lord, Williston on Contracts § 39:32 (4th ed. 2000).  "[T]he

---

[5] The Court notes as relevant that the jury awarded Graco no damages for Rydex's breaches of the Agreement.  While a finding that Graco suffered no damages could be consistent with a finding of material breach, the jury's decision to award no damages is at least probative as to immateriality.  See, e.g., 23 Richard A. Lord, Williston on Contracts § 63:3 (4th ed. 2000) ("[W]here a breach causes no damages or prejudice to the other party, it may be deemed not to be 'material.'") (citing Rolscreen Co. v. Pella Products of St. Louis, Inc., 64 F.3d 1202 (8th Cir. 1995)).  "In many cases, a material breach of contract is proved by the established amount of the monetary damages flowing from the breach."  Id.

nonbreaching party, by electing to continue receiving benefits under the agreement, cannot then refuse to perform its part of the bargain." Id. A nonbreaching party can affirm the contract by conduct, and "[t]he continued acceptance of benefits under the contract is the most common and clearest case of election [to affirm the contract] by conduct." Cities Serv. Helex, Inc. v. United States, 543 F.2d 1306, 1314 (Ct. Cl. 1976). The Iowa Supreme Court has explained that

> [w]here one party to a contract fails to fully perform, the other party may waive the partial nonperformance, or may, if the breach is sufficiently serious, elect to rescind. In other words, the contract and what has been done to perform it is not in that situation void, but only voidable. But until the party who has a right to avoid the contract and to rescind it because of the nonperformance of the other party does something to effect rescission, until he exercises the option to affirm the contract or rescind it, what has been done under the contract and in a good faith attempt to perform it must be regarded as valid and not void.

Andrew v. Am. Sav. Bank and Trust Co. of Davenport, 258 N.W. 911, 919 (Iowa 1935) (citations omitted).

More recent cases outside Iowa have applied this principle to intellectual property licenses. For example, in Marvel Entertainment Group, Inc. v. ARP Films, Inc., 684 F. Supp. 818 (S.D.N.Y. 1988), an exclusive licensee of a copyright was not entitled to withhold royalty payments from the licensor, despite the licensor's repudiation of the license agreement, so long as the licensee continued to exploit the copyright. Id. at 820-21. The Marvel court reasoned that to the extent the licensee had affirmed the agreement by continuing to use the copyright, the licensee had breached the agreement by failing to pay royalties therefor. Id. at 821. Similarly, in RNC Systems Inc. v. Modern Technology Group, Inc.,, 861 F. Supp. 2d 436 (D.N.J. 2012), a patent licensee argued that the licensor's material breaches of contract discharged its duty to pay royalties notwithstanding the licensee's continued use of the patent. Id. at 445. The court rejected that argument, holding:

> A material breach by either party to a bilateral contract excuses the other party from rendering any further performance. However, [w]hen one party to a contract feels

that the other contracting party has breached its agreement, the non-breaching party must either stop performance and assume the contract as avoided, or continue its performance and sue for damage.  Under no circumstances may the non-breaching party stop performance and continue to take advantage of the contract's benefits.

Id. at 447 (alteration in original) (citations and internal quotation marks omitted).  The RNC Systems court continued, "[the licensee] cannot argue that it is excused from performance under the License Agreement because [the licensor] materially breached the contract while simultaneously taking advantage of the contract's benefits by continuing to manufacture and sell [the licensed] products."  Id. at 448.

In this case, evidence presented to the jury showed that Graco believed Rydex had breached the Agreement but nonetheless continued to operate under the Agreement, submitting quarterly reports to Rydex and manufacturing and selling products subject to the '180 Patent.  Based on those facts and the evidence adduced at trial, a reasonable jury could have found that Graco did not treat the Agreement as terminated following Rydex's breach, but rather continued as though the Agreement were still in effect while refusing to deliver royalties to Rydex—thereby continuing to reap the benefits of the Agreement without performing its own obligations in return.  A reasonable jury could thus have concluded that Graco had breached its obligation to pay royalties.  As discussed above, the law would not bar Rydex from prevailing in an action for damages against Graco for Graco's failure to pay royalties after Rydex's breach, even if the breach were material, if Graco elected to continue under the Agreement and preserve its right to recover for a partial breach.  Thus, the jury's damages award is not precluded under Iowa law on this additional analysis.  More centrally, however, this further illustrates the substantial body of evidence that Rydex's breach lacked real impact on Graco's interests under the Agreement, which straightforwardly supports a finding that the breach in no way impaired the essence of the parties' bargain.

**B.  Rule 59(e) and Rule 60(b) Motions**

Graco moves under Rule 59(e) to have the Court alter or amend the judgment.  Rule 59(e) provides a district court with the power to correct judgments based on manifest errors of law or fact.  Innovative Home Health Care, Inc. v. P.T.O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998).  A district court "has broad discretion to alter or amend a judgment under Rule 59(e).  SFH, Inc. v. Millard Refrigerated Servs., Inc., 339 F.3d 738, 746 (8th Cir. 2003) (citing Innovative Home Health Care, Inc., 141 F.3d at 1286).

Graco also moves under Rule 60(b) for relief from the judgment.  Rule 60 allows for a court, "[o]n motion and just terms," to relieve a party from a final judgment based on, among other reasons, mistakes, or any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1), (6).  "Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances."  Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assoc., Inc., 194 F.3d 922, 925 (8th Cir. 1999).

Graco supports its Rule 59(e) and Rule 60(b) motions with the same legal contentions advanced and rejected above, *i.e.*, that Rydex was legally precluded from receiving damages for Graco's breach since Rydex's breach occurred earlier in time.  As the Court has already explained, this argument fails.  Graco's Rules 59(e) and 60(b) motions must therefore be denied.

**C.  Motion for a New Trial**

Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1).  Graco argues a new trial should be granted on four grounds: (1), because Rydex was precluded from recovering damages; (2), because the Court did not provide the jury with Graco's proposed jury instructions and questions, which, according to Graco, led to

a damages award contrary to Iowa law; (3), because the verdict form should not have asked the jury to quantify Rydex's damages; and (4), because Rydex failed to quantify its damages.

### 1. Rydex's Entitlement to Damages (Grounds 1 and 3)

As the Court has already determined, a new trial is not warranted based on the premise that Rydex was not entitled to damages.  Graco's motion must be denied to that extent.

### 2. Jury Instructions (Grounds 2)

Nor is a new trial warranted on the basis of the instructions given to the jury.  District courts have "broad discretion in choosing the form and language of the jury instructions." Bennett v. Hidden Valley Golf & Ski, Inc., 318 F.3d 868, 873 (8th Cir. 2003) (quoting United Fire & Cas. Co. v. Historic Pres. Trust, 265 F.3d 722, 727 (8th Cir. 2001)).  The key inquiry is "whether instructions fairly and adequately submitted the issues to the jury."  Id.  Graco urges that its jury instruction captioned "Conditions precedent - Definition" should have been given to the jury because it was based on a prior order of the Court and the authorities cited therein.  In particular, Graco quotes the following from the Court's prior Order: "If Rydex materially breached the Agreement, Graco has a defense to Rydex's breach claim for failure to pay royalties as well as to the contention that Graco repudiated the Agreement by refusing to pay." ECF No. 76 at 8; see also ECF No. 55 at 25 (same).  Based on that language, Graco proposed to instruct the jury that "[a] material breach by the Rydex Parties of a provision of the Agreement on which the agreement to pay a guaranteed royalty is dependent precludes the Rydex parties' recovery of such royalty."  Graco contends that declining to include this instruction materially prejudiced its case.

The Court cannot agree that it was error to omit Graco's proposed jury instruction on conditions precedent; importantly, the instruction was not included because it is an incomplete statement of the law, and would have misled jurors into thinking Rydex could not recover

damages based on the evidence.  Furthermore, even though the Court finds it highly improbable it would be bound to accept a jury instruction solely because that instruction is based on language in a prior order, Graco ignores an important caveat.  Although the language cited by Graco can be found *somewhere* in the Court's prior Order—specifically, the paragraph in which the Court summarized Graco's own legal argument—the Court went on to reject, mere paragraphs later, the generalization that a licensor cannot recover royalties if it has breached the license agreement.  See ECF No. 55 at 27 ("[E]ven if Rydex materially breached the Agreement, if Graco subsequently affirmed the Agreement [*i.e.*, continued to exploit the '180 Patent] it could not then withhold royalties from Rydex.").

Graco also contends that the Court erred by omitting its proposed jury instruction on the duty of good faith and fair dealing along with special verdict questions regarding breach of that duty.  Graco's proposed instruction regarding the duty of good faith and fair dealing stated, in relevant part, that "[t]he implied covenant of good faith and fair dealing attaches to the Rydex Parties' choice and obligation to prosecute infringement claims.  Therefore, failure to prosecute infringement claims in good faith would constitute breach of the contract term."  ECF No. 76 at 13.  Graco's proposed special verdict questions asked, in relevant part, "Did Rydex materially breach the Agreement's implied covenant of good faith and fair dealing?"  ECF No. 77 at 2.

The Court did not err by declining to include the instruction and special verdict question regarding the implied covenant of good faith and fair dealing.  First, as the Court said in its prior Order, "[t]he implied covenant is not grounds for a separate cause of action, but rather attaches to the performance of an explicit contract term."  ECF No. 55 at 18 (citing Bagelmann v. First Nat. Bank, 823 N.W.2d 18, 34 (Iowa 2012)).  In other words, the implied covenant of good faith and fair dealing does not add terms to an agreement, but concerns whether an explicit term has been breached.  Graco's instruction regarding the duty of good faith and fair dealing related to

Rydex's obligation to prosecute infringement, and as Rydex correctly points out, the Court had already determined as a matter of law that Rydex had breached its duty to prosecute infringement as of August 15, 2012, when the case was submitted to the jury.  Moreover, the Court found as a matter of law that Rydex had no duty to prosecute the Badger litigation prior to filing the suit against Badger, and therefore Rydex could not have breached that duty prior to August 15, 2012.  The question of breach of the duty to prosecute infringement had been fully resolved as a matter of law and was therefore moot.  Graco suffered no prejudice when the Court declined to instruct the jury on a question it was neither required nor permitted to answer.

### 3.  Juror Question for Rydex's Damages (Grounds 4)

In evaluating a motion for a new trial pursuant to Rule 59(a), "[t]he key question is whether a new trial should [be] granted to avoid a miscarriage of justice." McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1400 (8th Cir.1994).  A court may grant a partial new trial solely on the issue of damages.  See Fed. R. Civ. P. 59(a)(1)(A) (allowing for new trial on "all or some of the issues"); see also, e.g., Powell v. TPI Petroleum, Inc., 510 F.3d 818, 824–25 (8th Cir.2007) (remanding for partial new trial on damages).  When considering a motion for a new trial on the basis of a damages award, the propriety of the verdict amount "is basically, and should be, a matter for the trial court which has had the benefit of hearing the testimony and of observing the demeanor of witnesses and which knows the community and its standards." Wilmington v. J.I. Case Co., 793 F.2d 909, 922 (8th Cir.1986) (quoting Solomon Dehydrating Co. v. Guyton, 294 F.2d 439, 447 (8th Cir.1961)).

Graco contends that a new trial should be granted because Rydex failed to quantify its damages, and because Rydex asked for an amount less than what the jury awarded.  When during trial the Court denied Graco's Rule 50(a) motion as to whether Rydex had presented sufficient evidence of its damages, the Court stated that the record contained minimal but

sufficient evidence of the following information: the date on which Graco ceased making royalty payments; the amount of product Graco sold subject to the royalty; and the contractually stipulated royalty rate.  Trial Tr. 415:16-24, ECF No. 132.  The Court's view of the record has not changed.  At trial, evidence was adduced from which a reasonable jury could determine the date on which Graco ceased paying Rydex under the Agreement (for example, via exhibits that showed the date on which Graco refused to continue paying royalties), Graco's sales volume for products subject to the royalty after the date Graco ceased paying royalties (for example, via exhibits that showed Graco's quarterly sales after it refused to continue paying royalties), and the percentage of sales revenue owed to Rydex as a royalty (for example, from the Agreement, which required a 5% royalty based on Graco's sales).  That is all the information required to render a damages award for failure to pay royalties under the Agreement.  Therefore, based on the evidence adduced at trial, the Court must conclude that the jury had sufficient evidence to render a damages award in Rydex's favor.

Graco also argues a new trial should be granted because, during closing arguments, Rydex's counsel requested that the jury award Rydex $306,286.87 in damages—less than the $313,000 awarded.  Graco provides no citations for the proposition that an award in excess of an amount requested during closing arguments is itself grounds for a new trial.  And, Graco ignores that the evidence adduced at trial could have supported a sum higher than the amount the jury awarded.[6]  See Tr. Ex. 1004, ECF No. 95; Agreement § 4.1.  On this basis Graco has not demonstrated that the jury award results in a miscarriage of justice.  Graco's motion for a new trial must therefore be denied.

---

[6] The quarterly sales reports given to the jury showed total net sales of $7,723,547.16.  The Agreement provides that Rydex would be paid 5% of net sales.  Multiplied together, these figures would support an award of $386,177.36.

### D. Remittitur

Finally, Graco moves for remittitur of damages.   "Remittitur is appropriate where the verdict is so grossly excessive as to shock the judicial conscience.  A new trial or remittitur is not appropriate merely because [the court] may have arrived at a different amount from the jury's award."  Lincoln Composites, Inc. v. Firetrace USA, LLC, 825 F.3d 453, 459 (8th Cir. 2016) (quoting Bennett v. Riceland Foods, Inc., 721 F.3d 546, 553 (8th Cir. 2013)) (internal citations and quotation marks omitted).  In the Eighth Circuit, remittiturs must comport with the "maximum recovery rule," according to which, "when a district court remits a jury award, the remitted amount cannot be 'for an amount less than the jury could reasonably find.'"  McCabe v. Parker, 608 F.3d 1068, 1081 (8th Cir. 2010) (quoting Slatton v. Martin K. Eby Const. Co., 506 F.2d 505, 509 (8th Cir. 1974)).

"Under Iowa law, when a contract has been breached the nonbreaching party is generally entitled to be placed in as good a position as he or she would have occupied had the contract been performed."  Midland Mut. Life Ins. Co. v. Mercy Clinics, Inc., 579 N.W.2d 823, 831 (Iowa 1998).  If the damages award puts the nonbreaching party in a better position than if the contract had been performed, "the award of damages is excessive as a matter of law."  Id.  As discussed above, a reasonable jury could have determined based on the evidence adduced at trial that Rydex was owed royalty payments during the period Graco refused to pay.  Evidence adduced at trial, including the terms of the Agreement, royalty percentage, and a series of quarterly sales reports from Graco covering the period in which it paid no royalties, provided the jury with a factual basis from which to calculate a reasonable damages award.  As already stated, the jury's damages award was less than the maximum amount supportable by the record.  The Court cannot conclude the award is so grossly excessive as to shock the judicial conscience.  Therefore, Graco's motion for remittitur must be denied.

### III.   CONCLUSION

For the reasons stated, Graco's Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(b), and Alternative Motion to Alter or Amend Judgment under Rule 59(e), or for Relief from Judgment under Rule 60(b), or for New Trial under Rule 59(a)(1), ECF No. 125, must be **denied**.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2017.

JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT