IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RYAN DATA EXCHANGE, LTD; and RYDEX TECHNOLOGIES LLC d/b/a RYDEX,<br><br>    Plaintiffs,<br><br>vs.<br><br>GRACO INC.,<br><br>    Defendant. | No. No. 4:14-cv-00198 – JEG<br><br>**O R D E R** |

This matter comes before the Court on Motion for Attorney Fees pursuant to Federal Rule of Civil Procedure 54, ECF No. 124, and Supplemental Motion for Attorney Fees, ECF No. 138, by Plaintiffs Ryan Data Exchange, Ltd., and Rydex Technologies LLC d/b/a Rydex (collectively, Rydex). Defendant Graco Inc. (Graco) resists. Neither party requested a hearing on the Motions, and the Court finds a hearing is unnecessary. The Motions are fully submitted and ready for disposition.

**I.    BACKGROUND[1]**

Rydex filed a Complaint against Graco on May 15, 2014, asserting claims for breach of contract and patent infringement. Graco filed a counterclaim and third party complaint asserting breach of contract against Rydex. The claims for breach arose out of the parties' settlement and license agreement (the Agreement), pursuant to which Rydex granted Graco an exclusive patent license in exchange for quarterly royalty payments. Rydex filed two motions for summary judgment. The Court granted in part and denied in part the first motion, dismissing counts three and four of Graco's counterclaim and third-party complaint. The second motion was denied.

---

[1] Facts underlying this case have been set forth in greater detail in the Court's prior orders on summary judgment, ECF Nos. 55 and 70. The facts summarized here are those most pertinent to the instant Motion.

A jury trial was held from November 14, 2016, through November 17, 2016, on all claims then pending. On November 7, 2016, prior to trial, the Court granted Graco's motion in limine to exclude evidence regarding infringement of the subject patent because there was no claim presented for patent infringement. ECF No. 101. During the trial, Graco moved under Rule 50(a) for judgment as a matter of law that, among other things, Rydex had breached its duty under the Agreement to prosecute a third party infringer, and that Rydex had thereby breached the Agreement by failing to provide an exclusive license. The Court found as a matter of law that Rydex had breached the duty to prosecute infringement as of the date of the dismissal of the Badger litigation on August 15, 2012, and that Rydex was in breach of the exclusivity provision of the Agreement from August 15, 2012, until the expiration of the '180 Patent on March 10, 2015. Accordingly, the Court granted Graco's Rule 50(a) motion to that extent.

After the close of evidence, Rydex renewed its Rule 50(a) motion. The court indicated its ruling stayed the same. The case was submitted to the jury, which determined that Graco breached the License Agreement by failing to pay royalties to Rydex for certain periods under the Agreement, and awarded Rydex $313,000 in damages. The jury did not award Graco any damages for Rydex's breach of its duty to prosecute third party infringers, nor for Rydex's breach of the Agreement's exclusivity provision. The jury determined that Rydex had not breached the exclusivity provision until August 15, 2012.

Judgment was entered in favor of Rydex and against Graco on December 1, 2016, noting that the jury awarded no damages to Graco. On December 14, 2016, Rydex timely moved for attorney fees pursuant to Federal Rule of Civil Procedure 54. On February 15, 2017, Rydex filed a supplemental motion for attorney fees for its work responding to Graco's post-trial motions.

In support of its motions for attorney fees, Rydex provides itemized billing statements that include, for each entry, the date the work was performed, the initials of the timekeeper who

performed the work, a narrative description of the work performed, the time allotted to each task, and the amount billed for each task. The entries vary in the specificity of their narrative descriptions, and there are some instances of block billing. Rydex also includes a similarly detailed invoice from an invoice for Devlin Law Firm LLC, an intellectual property law firm.

The bills include the hourly rate for each timekeeper. The timekeepers indicated on the invoice of the Munro Law Office are: Kenneth Munro, Rydex's attorney; Tammy Pugh, a legal assistant at Mr. Munro's law office; and Donna Drake, a legal assistant at Mr. Munro's law office. The timekeepers on the Devlin Law Firm invoice are identified by initials only. Mr. Munro has indicated there was an unspecified contingent fee agreement between Rydex and the Munro Law Office for this case.[2] Rydex did not provide further documentary support for its motions, and did not present further evidence as to the reasonableness of the rates billed or hours expended.

On February 28, 2017, Graco filed a notice of appeal as to the Court's entry of judgment.

## II.   JURISDICTION

"Generally, a notice of appeal divests the district court of jurisdiction." Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998). However, "[a] 'district court retains jurisdiction over collateral matters, such as attorney's fees . . ., while an appeal is pending.'" Peter v. Jax, 187 F.3d 829, 833 n. 2 (8th Cir. 1999) (alteration in original) (quoting Missouri v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 n. 3 (8th Cir. 1999)). The Court therefore has retained jurisdiction over Rydex's claim for attorney fees despite Graco's appeal from the Court's judgment.

## III.   DISCUSSION

---

[2] There is no record of any specific fee agreement between Rydex and the Devlin Law Firm.

### A. Legal Standard for Attorney Fee Claims

These Motions arise out of the Agreement, which states that "[i]f litigation under this Agreement ensues because of a material breach, the prevailing party shall be awarded its reasonable attorney's fees." Mot. Summ. J. Ex. F at 8, Agreement-Art. 14.0, ECF No. 38-5. "[S]tate law governs the availability of attorney fees in diversity cases where no conflicting federal statute or court rule applies." Burlington N. R.R. Co. v. Farmers Union Oil Co. of Rolla, 207 F.3d 526, 534 (8th Cir. 2000). The Eighth Circuit reviews a district court's interpretation of state law de novo, and its decision to award attorney fees for abuse of discretion. Id.

The Iowa Code provides: "When judgment is recovered upon a written contract containing an agreement to pay an attorney's fee, the court shall allow and tax as a part of the costs a reasonable attorney's fee to be determined by the court." Iowa Code Ann. § 625.22 (West). "A reasonable attorney fee is not limited to the hourly fee charged by lawyers. The concept includes certain litigation expenses, including the cost of paralegals." GreatAm. Leasing Corp. v. Cool Comfort Air Conditioning & Refrigeration, Inc., 691 N.W.2d 730, 732-33 (Iowa 2005).

"An applicant for attorney fees has the burden to prove that the services were reasonably necessary and that the charges were reasonable in amount." Schaffer v. Frank Moyer Constr., Inc., 628 N.W.2d 11, 23 (Iowa 2001). Appropriate factors for the district court to consider in awarding attorney fees "include the time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service." Id. at 23-24 (quoting Landals v. George A. Rolfes Co., 454 N.W.2d 891, 897 (Iowa 1990)). The Court may also consider the existence of a contingency fee agreement between a prevailing party and its attorney. Landals, 454 N.W.2d at 898. "Reductions may be made . . . for such things as partial success, duplicative hours or hours

not reasonably expended." Boyle v. Alum-Line, Inc., 773 N.W.2d 829, 833 (Iowa 2009) (quoting Sherman v. Kasotakis, 314 F. Supp. 2d 843, 881 (N.D. Iowa 2004)). Reductions may also be made for "block billing" or poor record-keeping. Sherman, 314 F. Supp. 2d at 881 (citing Houghton v. Sipco, Inc., 828 F. Supp. 631, 643-44 (S.D. Iowa 1993), vacated on other grounds, 38 F.3d 953 (8th Cir. 1994)).

Although the burden is on the claimant to show the services rendered and the value thereof, "[i]t is not necessary for the court to hear evidence in support of the motion" because "[t]he court is an expert on what are reasonable fees." Nelson v. Iowa State Highway Comm'n, 115 N.W.2d 695, 699 (1962); see also Home Fed. Sav. & Loan Ass'n of Algona v. Campney, 357 N.W.2d 613, 622 (Iowa 1984). For example, the Iowa Supreme Court has held that if a claimant fails to adduce any evidence of the market rate for paralegal services, "the district court, as an expert in calculating the local going rate, may settle matters itself." GreatAm., 691 N.W.2d at 734 (Iowa 2005) (citing Nelson, 115 N.W.2d at 699); cf. Sherman, 314 F. Supp. 2d at 884 (evaluating fees where the applicant provided no evidence of a reasonable rate and only provided billing statements insufficiently itemized and annotated to comply with then-Local Rule 54.2(a), now Local Rule 54.1(a), speculating that the "bills" were prepared solely for purposes of the motion for fees since the claimant had undertaken the litigation on a contingency basis, and finding that although the record was sufficient on which to base an award, the award would be reduced on the basis of poor record-keeping).

Ultimately, "[t]he district court is considered an expert in what constitutes a reasonable attorney fee," and is afforded "wide discretion in making its decision." GreatAm., 691 N.W.2d at 733. "It is not necessary for a court to specify how many hours it deems reasonably necessary in carrying out the representation. The district court must look at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee that is appropriate for

handling the complete case." Green v. Iowa Dist. Ct. for Mills Cty., 415 N.W.2d 606, 608 (Iowa 1987) (citations omitted).

### B. Analysis

#### 1. Rydex Was a Prevailing Party

Graco contends that Rydex is not a prevailing party because Rydex was precluded from recovering damages due to its own breach of the Agreement. This argument is unavailing for the reasons stated in the Court's order, ECF No. 137, denying Graco's Motion for Judgment as a Matter of Law and Alternative Motions, ECF No. 125. Rydex was a prevailing party in this case on the issue of breach of the license agreement, though not a prevailing party on other issues.

#### 2. Reasonable Attorney Fees

With the foregoing legal structure as both a guide and a limitation, the Court has reviewed the documentation in support of the attorney fees claimed in the context of the specific circumstances of the case. The submitted billing records are of limited value due to block billing, and lack of sufficient description of services rendered. Thus, some entries appear large given the available description. A review of the entries does not allow for a precise distinction between work done in support of the contract claim from work in support of the infringement claim,[3] though the Court accepts there would be some level of overlap of work done in support of either claim.[4] The Court also recognizes work performed on a case is a function both of what is required to prepare the case and what must be done in response to opposition efforts. It is within

---

[3] Rydex did require the Court and the Defendant to repeatedly address the non-existent infringement claim, despite the remarkable statement that "Rydex had done nothing to prepare a patent infringement claim." Rydex Resp. to Graco Resist. Mot. Atty. Fees 8, ECF No. 135.

[4] In the absence of adequate record, the Court must assume the claim attributed to the Devlin Law Firm, an intellectual property firm, was in support of an infringement claim. The Court has no record regarding the customary charges for work performed by this firm, nor the standing and experience of these counsel.

the Court's experience to assess reasonable effort in support of a breach of contract claim, along with the customary charges and level of expertise of Iowa counsel. Under Iowa law the Court considers the existence of the contingent fee agreement, but is not strictly limited by that agreement. Landals, 454 N.W.2d at 898.[5]

Given the limitations in the record, the Court is unable to itemize adjustments beyond some general considerations. There does not appear to be any reasonable reduction to be applied for work during and surrounding the trial focused on the Agreement. Therefore, the amount of $30,982.00 will be included. While the supplemental motion seems somewhat large, it is not sufficiently excessive to clearly justify reduction and the claimed amount of $15,942.50 will be included. Based on the factors noted above, the remaining claim will be reduced due to inability to discern separation between the infringement and contract claims, lack of sufficient billing records to precisely grasp the nature of work done, Plaintiff's success solely on a portion of the contract claim, the amount of the judgment in relation to amounts claimed, the complexity of the case which was essentially a straight forward contract dispute, and the Court's understanding of customary charges in the jurisdiction, in search of the "reasonable attorney's fee" contemplated by the license Agreement. The Court finds the remaining claim is reasonable in the amount of $157,297.00.

## IV. CONCLUSION

For the reasons stated, Rydex's Motion for Attorney Fees, ECF No. 124, and Supplemental Motion for Attorney Fees, ECF No. 138, are **granted in part and denied in part**. Rydex is awarded $204,221.50 in attorney fees.

**IT IS SO ORDERED.**

Dated this 14th day of March, 2017.

JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT

---

[5] While Landals suggests a contingent fee agreement might establish a floor rather than a ceiling, the Court's determination in this case moots such a consideration.